F I L E D
United States Court of Appeals
Tenth Circuit

APR 16 1999

PATRICK FISHER
Clerk

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

LUTHER K. BARNETT, JR.,

    Petitioner - Appellee,

vs.

STEVE HARGETT,

    Respondent - Appellant.

No. 98-6244

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D. Ct. No. CV-97-1072-A)

Before **ANDERSON**, **KELLY**, and **LUCERO**, Circuit Judges.[*]

Luther K. Barnett, Jr, pro se.

W.A. Drew Edmondson, Attorney General, and Nathan L. Dills, Assistant
Attorney General, Oklahoma City, Oklahoma for Respondent-Appellant.

**KELLY**, Circuit Judge.

---

[*] After examining the briefs and the appellate record, this three-judge panel
has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Respondent appeals from the district court's grant of a conditional writ of habeas corpus, 28 U.S.C. § 2254. The district court determined that Petitioner had raised a procedural and substantive competency claim in his federal petition, that appellate counsel was ineffective for not pursuing such claims when Petitioner's direct appeal had been remanded to the state district court, and that the record before the state district court was insufficient to support its finding that a competency hearing had occurred and a finding of competency had been entered. Without a sufficient record to determine whether a competency hearing had been held and what standard had been applied, the district court granted a conditional writ, allowing the State ninety days to conduct a feasibility determination hearing and, if a retrospective competency determination were feasible, another ninety days to conduct such a hearing or set the case for a new trial. The failure to make the requisite determination would result in the Petitioner's release from custody.

On appeal, Respondent contends that the district court erred in (1) granting relief on an issue not raised by the Petitioner in his federal petition, and (2) failing to afford the state district court's determinations about a competency hearing a presumption of correctness, see 28 U.S.C. § 2254(e)(1). Our jurisdiction arises under 28 U.S.C. § 1291. The district court did not hold an

evidentiary hearing, so our review of its factual findings and legal conclusions is de novo. See Miller v. Champion, 161 F.3d 1249, 1254 (10th Cir. 1998). We affirm.

Background

We discuss the facts briefly as they relate to the State's appeal. In a two-stage jury trial, Petitioner was convicted of assault and battery with intent to kill after former conviction of two or more felonies and sentenced upon the jury's recommendation to one hundred years imprisonment. See Aplt. App. at 98. The jury trial and sentencing were not continuous; apparently, Petitioner achieved competency for his trial in March 1989, was determined to be incompetent thereafter, see id. at 93-96, and was not sentenced until August 1989 when he regained competency. An appeal was taken and the judgment and sentence were affirmed. See id. at 99.

The treatment records from the state hospital indicate a discharge diagnosis prior to trial of organic delusional syndrome and seizure disorder. See id. at 96. The competency restoration effort for the trial confirmed the presence of bone defects relating to a head injury. Id. The psychiatric evaluation shortly after trial indicates that Petitioner was over-sedated, delusional and not oriented–he could not walk without assistance and was incapable of self care. See id. at 93-

- 3 -

The federal petition contains a claim that Petitioner's appellate counsel was ineffective for failing to file a petition for rehearing in his direct appeal, and that this ineffective assistance rendered the appellate proceeding unreliable. See id. at 8. Petitioner's theory mirrors that unsuccessfully asserted in state post-conviction proceedings. Petitioner maintains that he had proper grounds for a rehearing petition based upon the lack of a record order memorializing his competency hearing, and that a new trial is necessary because a post-examination competency hearing is not feasible. See id. at 28-32, 67-83. He also contended that he was denied the right to counsel because his appellate indigent defender had resigned during the pendency of his appeal and no counsel was available to represent him during the appellate process and file a petition for rehearing. See id. at 29 (citing Evitts v. Lucey, 469 U.S. 387 (1985)) & 67. Both the state district court and the Oklahoma Court of Criminal Appeals rejected the ineffective assistance claim on the merits. See id. at 35-42.

This is not a case where counsel failed to pursue a competency determination. See Williamson v. Ward, 110 F.3d 1508, 1519 (10th Cir. 1997). Whether a competency hearing had been held before trial was squarely at issue in Petitioner's direct appeal. See Aplt. App. at 108-09. There, appellate counsel argued that Petitioner should receive a new trial because, although the record

reflected that an application for a post-examination competency hearing was filed and a hearing was set, nothing in the record indicated that it was actually held. See id. The Oklahoma Court of Criminal Appeals noted that (1) the record indicated that Petitioner was determined to be incompetent, but capable of achieving competency, and (2) the State had filed an application for a hearing based upon a letter from a forensic psychologist advising the state district court that Petitioner had achieved competency. See id. at 89. It further noted that trial court granted the request for a hearing and set the hearing. See id. Finding the record insufficient to determine whether the hearing actually was held, however, the Oklahoma Court of Criminal Appeals made a limited remand of the case to the state district court to enter findings and conclusions, including whether Petitioner "was afforded an opportunity to present evidence concerning his competency and argue as to inferences therefrom." Id. at 90.

By that time, it appears that the lawyer handling Petitioner's appeal, a deputy appellate indigent defender, was no longer with the Oklahoma Indigent Defense System. Petitioner contends that he learned of this based upon a March 19, 1997 letter to another inmate informing him that the deputy appellate indigent defender had resigned. See Aplt. App. 206, 213. Nothing in the record before us indicates that Petitioner was represented during the remand proceedings; indeed, it appears that Petitioner did not know of the findings and conclusions entered by

- 5 -

the trial court on remand until three years later.  See id. at 247.

In those remand proceedings, the state district court found that in fact a competency hearing had been held on the date set and that the trial judge had determined that Petitioner was competent and ordered the trial resumed.  See id. at 237.  The state district court further found that Petitioner "was present with counsel and was afforded an opportunity to present evidence concerning his competency and argue as to inferences therefrom."  Id.  The original trial judge had no personal recollection of the event and only an unsigned minute order was located in another file in the district attorney's office.  The state district court relied upon several sources for its findings.  A report from a forensic psychologist determining Petitioner was competent was submitted two weeks prior to the scheduled hearing, see id. at 235, although that report is not part of the appendix on appeal.  An affidavit of the prosecutor indicated that the hearing was held and that defense counsel in consultation with Petitioner stipulated to the findings by the forensic psychologist.  See id. at 239-41.  An affidavit of the defense attorney indicated that Petitioner was eventually found competent by the treating hospital, although the attorney could not recall whether a hearing had been held.  See id. at 242.

## Discussion

## A. Liberal Construction of the Petition

The district court did not abuse its discretion in attempting to ascertain the nature of Petitioner's claim. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). When a defendant contends that appellate counsel was ineffective for failing to raise an issue on appeal or here, on rehearing, an examination of the merits of the omitted issue is usually necessary See United States v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995).

Moreover, the mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (footnote omitted). At the same time, a district court should not "assume the role of advocate for the pro se litigant," id., and may "not rewrite a petition to include claims that were never presented," Parker v. Champion, 148 F.3d 1219, 1222 (10th Cir. 1998), cert. denied, 119 S. Ct. 1053 (1999). The district court in this case looked carefully at the facts and the pleadings in an effort to ascertain what occurred in prior state proceedings and the true nature of Petitioner's claims. Although the language and syntax of the petition, together with an emphasis on

ineffective assistance of appellate counsel for failing to file a rehearing petition suggest an unwinnable claim, Petitioner cited proper legal authority and explained why a rehearing petition was so necessary–he was without counsel during the remand and Oklahoma's standard for determining competency had been declared unconstitutional. The task of sorting though pro se pleadings is difficult at best; provided a respondent is afforded a full and fair opportunity to address a construction not immediately apparent, we will not interfere with the district court's effort to do substantial justice.

### B. Petitioner's Procedural Competency Claim

Competency claims are based either upon substantive due process or procedural due process, although sometimes there is overlap. A competency claim based upon substantive due process involves a defendant's constitutional right not to be tried while incompetent. See Sena v. New Mexico State Prison, 109 F.3d 652, 654 (10th Cir. 1997). Competence to stand trial requires that a defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding–and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960) (internal quotations omitted); see United States v. Williams, 113 F.3d 1155, 1159 (10th Cir. 1997). A substantive competency claim is not subject

to procedural bar.  See Nguyen v. Reynolds, 131 F.3d 1340, 1346 (10th Cir. 1997), cert. denied, 119 S. Ct. 128 (1998).  A petitioner is entitled to a nunc pro tunc evidentiary hearing to establish that he was incompetent at the time of trial only upon raising a threshold doubt about his competency by clear and convincing evidence.  See id.

A competency claim based upon procedural due process involves a defendant's constitutional right, once a bona fide doubt has been raised as to competency, to an adequate state procedure to insure that he is in fact competent to stand trial.  See Walker v. Attorney General for the State of Okla., 167 F.3d 1339, 1345 (10th Cir. 1999).  A defendant's irrational behavior, demeanor at trial, and prior medical opinion may create that bona fide doubt.  See Drope v. Missouri, 420 U.S. 162, 180 (1975); Castro v. Ward, 138 F.3d 810, 818 (10th Cir.), cert. denied, 119 S. Ct. 422 (1998).  Unlike a substantive competency claim, one based upon procedural due process is subject to procedural bar.  See Nguyen, 131 F.3d at 1346 n.2.

Petitioner consistently has claimed that counsel was ineffective for not pursuing essentially a procedural competency claim on rehearing, specifically, that the evidence was insufficient for the state district court to have found a competency hearing.  The district court construed the claim to encompass whether any competency hearing was conducted in accordance with the proper legal

standard given <u>Cooper v. Oklahoma</u>, 517 U.S. 348 (1996). In <u>Cooper</u>, the Supreme Court held that Oklahoma's requirement that a criminal defendant prove competency by clear and convincing evidence violated due process guarantees. <u>See id.</u> at 369. Although the district court viewed such a <u>Cooper</u> claim as substantive and not subject to procedural bar, we have treated such a claim as procedural. <u>See Rogers v. Gibson</u>, No. 98-6301, 1999 WL 203188, *8 (April 12, 1999); <u>Walker</u>, 167 F.3d at 1345. Thus, the competency claims in this case, whether a competency hearing was held and whether the correct standard was used (<u>Cooper</u> claim) are procedural.

## C. Exhaustion and Procedural Bar

Normally, before habeas relief may be granted a Petitioner is required to exhaust his remedies in state courts. <u>See</u> 28 U.S.C. § 2254(b)(1). Additionally, such relief is unavailable for federal claims defaulted in state court on an adequate and independent state ground, absent a showing of cause for the default and prejudice resulting therefrom, or a showing that the failure to grant habeas relief would result in a fundamental miscarriage of justice. <u>See Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).

Respondent conceded that Petitioner had exhausted his ineffective assistance claim as presented, and argued on the merits that the failure to file a

petition for rehearing was solely a matter of state law for which habeas would not lie. See Aplt. App. at 116, 124-26, 285. As construed by the district court, however, Respondent argued that any Cooper claim in the federal petition was both unexhausted and procedurally barred because it had not been raised on state direct appeal. See id. at 286, 297. The district court apparently agreed and further remarked that references to Cooper contained in Petitioner's state post-conviction pleadings were insufficient to adequately raise the issue before the state courts; however, it determined that exhaustion of this claim would be futile because the Oklahoma Court of Criminal Appeals would find the claim procedurally barred for failure to raise it on direct appeal. See Coleman, 501 U.S. at 735 n.1. The district court observed that the Oklahoma courts had fully resolved Petitioner's competency.

In determining whether a state procedural bar rule is an adequate and independent ground to bar federal review of a constitutional claim, a federal habeas court must apply the state's rule in effect at the time of the purported procedural default. See Rogers, 1999 WL 203188, *9; Walker, 167 F.3d at 1344-45. No argument that an incorrect standard was used to determine competency was made at the time of Petitioner's direct appeal (1992-93) which occurred prior to Cooper.

In support of its conclusion that the state courts would find the claim

procedurally barred, the district court cited Walker v. State, 933 P.2d 327, 338-39 (Okla. Crim. App. 1997), a capital case finding Cooper claims barred if not raised on direct appeal under the 1995 amendments to Oklahoma's capital post-conviction procedures, Okla. Stat. Ann. tit. 22, § 1089(C)(1) & (D)(9)(a) & (b) (West 1999 Cum. Supp.).  See also Rogers v. State, 934 P.2d 1093, 1096 (Okla. Crim. App. 1997) (capital case stating that "We have declined to apply Cooper on post-conviction review.") (footnote omitted).  In this non-capital case, it is not at all clear that Oklahoma would find the Cooper claim barred for failure to raise it on direct appeal under the applicable statutory provision, Okla. Stat. Ann. tit. 22, § 1086 (West 1986).  See Valdez v. State, 933 P.2d 931, 933 n.7 (Okla. Crim. App. 1997) (under § 1086, Cooper as an intervening change in the law could be applied to collateral proceedings); Rojem v. State, 829 P.2d 683, 684 (Okla. Crim. App. 1992) (non-capital case).  Regardless, even in capital cases, we have declined to apply Oklahoma's statutory procedural bar to Cooper claims not raised on direct appeal where the direct appeal predated the Supreme Court's 1996 Cooper decision.  See Rogers, 1999 WL 203188, *9; Walker, 167 F.3d at 1345. The district court's decision to consider the Cooper claim on the merits was not without support.

D. Presumption of Correctness

- 12 -

To prevail on an ineffective assistance of counsel claim, a Petitioner must demonstrate both deficient performance and prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984). A showing of deficient performance requires that counsel made such serious errors that he was not functioning as the "counsel" guaranteed by the Sixth Amendment; prejudice requires that these errors deprive the Petitioner of a fair trial with a reliable result. See id. In the context of omitting an issue on appeal, this means failing to raise an issue obvious from the trial record and one that probably would have resulted in reversal. See Cook, 45 F.3d at 395. Where an appeal is not taken, a petitioner need only establish deficient performance. See Romero v. Tansy, 46 F.3d 1024, 1030-31 (10th Cir. 1995).

Central to Petitioner's ineffectiveness claim is whether a post-examination competency hearing was held. Respondent forcefully argues that the State court findings that such a hearing occurred, despite any contemporaneous record, are "presumed to be correct," with the burden on Petitioner "of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). There are two reasons why this argument must be rejected.

First, given the Cooper claim now in the case, we recently held that a state-court competency determination arrived at with an incorrect standard of proof is not entitled to a presumption of correctness, and is analogous to no competency

- 13 -

hearing at all.  See Walker, 167 F.3d at 1345.  Accordingly, where a petitioner has raised this claim and it is not procedurally barred, relief is appropriate if he can establish a bona fide doubt as to his competency at trial.  See id.; Rogers, 1999 WL 203188, *10.

The State admits that the standard for competency at the time was determined to be unconstitutional, but argues that the parties' stipulation as to the forensic psychologist's findings was tantamount to a stipulation concerning competency.  See Aplt. Br. at 15.  However, these findings alone are not dispositive; such a view would displace the role of the trial judge.  See Pate v. Robinson, 383 U.S. 375, 386 (1966); United States ex rel. Lewis v. Lane, 822 F.2d 703, 704-05 (7th Cir. 1987).  "Only *after* concluding that a state court used the proper standard does a habeas court turn to the issue of the presumption of correctness."  Lafferty v. Cook, 949 F.2d 1546, 1551 n.4 (10th Cir. 1991).  Given Petitioner's history of severe mental problems, the need for him to regain competency on at least two occasions, and the expressed belief of counsel at sentencing that Petitioner was not competent, see Aplt. App. at 108, the Petitioner has established a bona fide doubt as to his competency.

Second, the presumption of correctness, even for the purely historical fact as to whether a hearing occurred, see Thompson v. Keohane, 516 U.S. 99, 109-10 (1995), does not apply when "some reason to doubt the adequacy or the accuracy

of the fact-finding proceeding" exists, Medina v. Barnes, 71 F.3d 363, 369 (10th Cir. 1995). We cannot conclude that Petitioner received a "full, fair, and adequate hearing," Nguyen, 131 F.3d at 1359, when he has put forward clear and convincing evidence, unrebutted by Respondent, that he was effectively unrepresented during a critical stage in his appeal, specifically when the Oklahoma Court of Criminal Appeals remanded his direct appeal to the trial court to determine whether a competency determination had been made.

Although Petitioner focused his petition on the claim that counsel was ineffective for failing to seek rehearing after the state appellate court affirmed his conviction and sentence on the strength of the remand determination, he has always maintained that he had no appellate counsel commencing with the remand. This lack of counsel is attributable to the state. See Cuyler v. Sullivan, 446 U.S. 335, 343 (1980). We have repeatedly emphasized the important professional and institutional obligation inherent in assuring that only those who are competent be tried. See United States v. Boigegrain, 155 F.3d 1181, 1188 (10th Cir. 1998), cert. denied, 119 S. Ct. 828 (1999); Sena, 109 F.3d at 655. In this instance, a procedural competency issue was raised, but not pursued by counsel during or after the remand, a time when critical facts about a proceeding that may or may not have occurred were being developed. For the remand proceedings to be fair, Petitioner needed counsel to evaluate and test (through cross-examination) the

facts contained in the prosecutor's affidavit; representation in name only by a deputy appellate indigent defender who had left that system is not sufficient.  See Evitts, 469 U.S. at 396; see also Gideon v. Wainwright, 372 U.S. 335, 344-45 (1963).  Moreover, counsel could have evaluated the possibility of pursuing a substantive competency claim, i.e., that Petitioner was tried, convicted and sentenced while he was mentally incompetent, that he was unable to assist his counsel or understand the proceedings.  See Godinez v. Moran, 509 U.S. 389, 402 (1993); Williams, 113 F.3d at 1159.

AFFIRMED.

No. 98-6244, <u>Barnett v. Hargett</u>

**ANDERSON**, Circuit Judge, concurring:

I concur in the disposition of this case. As I understand it, the basic holding of the majority opinion deals with the right to counsel, intertwined with a procedural competency claim, in a very unusual situation which we will probably not see again.