**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 11 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SCOTT H. WATKINS,

      Plaintiff-Appellant,

v.

MER, ARN, PER, INC.,

      Defendant-Appellee.

No. 99-1181

(D.C. No. 97-N-1834)
(D. Colo.)

**ORDER AND JUDGMENT**  *

Before **ANDERSON, KELLY** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Scott H. Watkins appeals the district court's dismissal of his pro se complaint.  We affirm.

On February 2, 1994, Watkins was riding his bicycle in Denver, Colorado,

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

when he was struck by a vehicle driven by Floyd Backer, an employee of How-Bout-A-Pizza. Backer was acting in the course and scope of his employment when the accident occurred. Watkins filed suit in Colorado state court, but the case was settled. To effectuate the settlement, Watkins signed a release

> forever discharg[ing] Merle Quigley, Mer. Arn. Per., Inc., d/b/a How 'Bout a Pizza . . . of and from any and all liability for any and all claims, demands, . . . rights and causes of action of whatsoever kind and nature, resulting from or in any way arising or growing out of . . . the injuries, damages and losses of any type sustained by me as a result of an incident which occurred on or about February 2, 1994.

Record, Document 7, Exh. B. Watkins twice attempted to have the settlement set aside, but the state court denied both requests.

On August 25, 1997, Watkins, proceeding pro se, filed this case in federal district court. The complaint asserted numerous "claims for relief" but did not set forth in any detail the factual bases for those "claims." Moreover, many of Watkins' self-styled claims are not recognized causes of action. The district court considered the essence of the complaint to be either a request to enforce the state court judgment or an attempt to commence new litigation against Mer, Arn, Per, Inc., based on the February 2, 1994, incident. The court dismissed Watkins' complaint on the grounds of lack of subject matter jurisdiction, res judicata, expiration of Colorado's three-year statute of limitations, and failure to state a claim of fraud, the most likely claim asserted by Watkins in his complaint.

On appeal, Watkins does not challenge specifically any of the bases for the

district court's dismissal. He does not direct our attention to allegations in any pleading that would permit us to conclude diversity jurisdiction exists, that he has pleaded fraud with particularity as required by Federal Rule of Civil Procedure 9(b), that the statute of limitations had not expired, or that he is not in fact attempting to prosecute a case against a party he has released from liability. Our independent search of the record has not uncovered any such allegations or evidence.

We are mindful of our obligation to construe the pleadings of a pro se litigant liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). This obligation, however, neither compels nor permits us to act as Watkins' advocate, manufacture claims he has not presented, or excuse his failure to adhere to our procedural rules. See Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999).

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge