**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 25 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MAURICE GLENN KIMSEY,

      Petitioner - Appellant,

vs.

ROBERT D. HANNIGAN;
ATTORNEY GENERAL OF
KANSAS,

      Respondents - Appellees.

No. 00-3079
(D.C. No. 97-CV-3329-DES)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

Petitioner-Appellant Maurice Kimsey, an inmate appearing pro se, seeks to appeal from the denial of his habeas petition, 28 U.S.C. § 2254. On June 24, 1991, Mr. Kimsey entered a plea of nolo contendere in Kansas state court on charges of aggravated burglary, aggravated assault, kidnaping, and aggravated

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

robbery. He was sentenced to a term of seventy-six years to life plus sixty years for these crimes. After unsuccessfully raising his claims in state postconviction proceedings, Mr. Kimsey filed the instant federal habeas petition. The district court denied the petition on the merits, and denied a certificate of appealability. Mr. Kimsey raises three claims before this court: (1) ineffective assistance of counsel; (2) failure of the state district court to grant appointment of counsel and an evidentiary hearing when reviewing his state habeas action, as required by Kansas Supreme Court Rule 183(f); and (3) failure of the trial court to inform him of the consequences of his nolo contendere plea in violation of Kan. Stat. Ann. § 22-3210(a)(2). We deny a certificate of appealability and dismiss the appeal.

Mr. Kimsey argues that trial counsel was ineffective for failing to adequately pursue his substantive competency claim. In particular, Mr. Kimsey points to his long history of mental health problems, and the fact that an August 4, 1992 federal mental health evaluation found him incompetent to stand trial in federal court. Under 28 U.S.C. § 2254(d)(1) & (2), federal courts cannot grant habeas relief on claims that have formerly been adjudicated on the merits in state court unless the state court decision "was contrary to . . . clearly established law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts . . . ." See generally Williams v. Taylor, 120 S. Ct. 1495 (2000) (clarifying § 2254(d) standard of review).

A review of the record convinces us that Mr. Kimsey's case does not meet this standard. "Competence to stand trial requires that a defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him.'" Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999) (quoting Dusky v. United States, 362 U.S. 402, 402, (1960)). Following the motion of trial counsel for a mental competency analysis, Mr. Kimsey was evaluated by mental health personnel who determined that he was competent to stand trial. Mr. Kimsey – apparently dissatisfied with the efforts of his attorney – subsequently filed a plethora of pro se motions with the trial court. These included a motion for discovery, a motion to dismiss one of the underlying charges, a motion for change of venue, a motion in limine, and a motion for substitution of counsel. While the federal evaluation which occurred in 1992 is some evidence supporting Mr. Kimsey's claim, it is not dispositive of his competency to stand trial in 1991. Given these facts, the state's determination of Mr. Kimsey's competency and the effective assistance of his trial counsel were not unreasonable.

As to claims two and three, both are challenges to an application of state law and, accordingly, are not cognizable in federal habeas. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000) ("[C]laims of state law violations

are not cognizable in a federal habeas action.").  We therefore do not reach them.

We DENY a certificate of appealability and DISMISS the appeal.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge