**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 4 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MELVIN H. NELSON,

      Defendant-Appellant.

No. 02-2158

(D.C. No. CR-00-410-JP)

(D. New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, **McKAY** and **McCONNELL**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant appeals his conviction by jury for Conspiracy and Possession with Intent to Distribute More Than 100 Kilograms of Marijuana in violation of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Counts I and II) and for Carrying and Possessing a Firearm During and in Relation to and Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A). Counts I and II resulted in a sentence of 78 months at the lowest end of the guideline range based on a criminal history category of I and a total offense level of 28. Count III resulted in a mandatory minimum sentence of 60 months to run consecutively, resulting in a total sentence of 138 months of imprisonment.

Trial counsel withdrew after sentencing, and a new attorney was appointed to represent Appellant on appeal. Appellate Counsel filed a brief following the mandate of Anders v. California, 386 U.S. 738 (1967). This filing included all the appropriate notices to Appellant. Counsel filed a simultaneous Motion to Withdraw. Appellant has not notified this court that he has new counsel.

Appellant has filed several motions and other exhibits and explanatory material *pro se*. However, he has not identified any issues on appeal. Our review of the record reveals that the district court appointed Appellant three different attorneys at various stages of his case, one of which reviewed his case for meritorious appellate issues. Our review of the record, Appellate Counsel's Anders' brief, and all of Appellant's filings has not revealed any meritorious issues on appeal. Appellant's main claim seems to be that the wrong result was reached at trial because he is innocent. While we are moved by the letters from

Appellant's sisters and friends, we can find nothing in the record to support overturning the jury's conviction.

Appellant filed two motions with our court to compel his attorney to send him copies of "all transcripts, files, records, and documents" relating to his case. Response to Government's Notice at 2. Appellant admits that he received the transcripts and the Presentencing Report. Id.; Def.-Aplt. Excerpt of Rec., Ex. 1, at 10. Additionally, Appellate Counsel states that he "furnished Appellant with copies of the record." Aplt. Opening Br. at 12.

While we are mindful of our obligation to construe *pro se* claims liberally, we are not free to assume the role of advocate for the *pro se* litigant. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). To the extent that Appellant is claiming ineffective assistance of counsel, we hold that these claims are invalid.

> To prevail on an ineffective assistance of counsel claim, a Petitioner must demonstrate both deficient performance and prejudice. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984). A showing of deficient performance requires that counsel made such serious errors that he was not functioning as the "counsel" guaranteed by the Sixth Amendment; prejudice requires that these errors deprive the Petitioner of a fair trial with a reliable result. See id. In the context of omitting an issue on appeal, this means failing to raise an issue obvious from the trial record and one that probably would have resulted in reversal.

Id. at 1135. Our review of the record does not reveal that either Appellant's trial or appellate counsel "made such serious errors" as to deprive Appellant from his Sixth Amendment right to counsel. Additionally, we could not find "an issue

-3-

obvious from the trial record . . . that probably would have resulted in reversal" such that Appellate Counsel was ineffective.

Counsel's Motion to Withdraw is GRANTED. Appellant's Motion Objecting to Deputy Clerk's Letter (renewing his Motion to Compel Counsel for Copies) is DENIED. Appellant's request for appointment of counsel is DENIED. The conviction and sentence are AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge