**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 9 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANDRES SANCHEZ-GONZALEZ,

Defendant- Appellant.

No. 02-2207
(D. New Mexico)
(D.Ct. No. CR-00-1216 BB)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **O'BRIEN**, Circuit Judges.

Andres Sanchez-Gonzalez pled guilty to illegally re-entering the United States in violation of 8 U.S.C. §§ 1326(a)(1), (2) and 1326(b)(2) and was sentenced to fifty-seven months imprisonment. In spite of a plea agreement in which he waived the right to appeal, Sanchez-Gonzalez now alleges he did not knowingly and intelligently enter into his plea agreement because he was not competent to stand trial. He contends the district court applied an incorrect standard in determining his competency and clearly erred in its

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

factual determination that he was competent to stand trial. We review pursuant to 28 U.S.C. § 1291. The district court used the correct standard in evaluating Sanchez-Gonzalez's competency and did not clearly err in finding him competent. Sanchez-Gonzalez's plea, including his waiver of the right to appeal, was knowing and voluntary. Therefore, we dismiss the appeal.

## BACKGROUND

Sanchez-Gonzalez, a Mexican national, was arrested on August 14, 2000, near Santa Teresa, New Mexico, for illegally re-entering the United States after being previously convicted of a prior offense. The district court appointed counsel for Sanchez-Gonzalez. Within weeks, however, Sanchez-Gonzalez sought to remove his counsel, citing an inability to work with him. A second attorney was appointed, but soon thereafter withdrew, citing problematic relations with his client. The district court appointed a third attorney for Sanchez-Gonzalez and cautioned him to cooperate with counsel. Shortly thereafter, Sanchez-Gonzalez requested the court to remove this latest appointment.

At the same time, counsel alerted the district court to concerns about Sanchez-Gonzalez's competency, specifically his ability to properly assist in his defense. Counsel requested a competency evaluation for Sanchez-Gonzalez. The district court agreed. Sanchez-Gonzalez underwent a psychiatric evaluation by Dr. Abraham Fiszbein, a forensic psychologist, who concluded he was incompetent to stand trial. After conducting

a competency hearing, the district court granted a defense motion to commit Sanchez-Gonzalez for treatment. *See* 18 U.S.C. § 4241(d).[1]

In November 2001, after several months of treatment (including a regime of medicine) at the Federal Medical Center in Minnesota, Dr. Thomas Patenaude interviewed Sanchez-Gonzalez. In his January 2002 report, Dr. Patenaude concluded that despite a mental defect, which was in a state of remission,

---

[1] 18 U.S.C. § 4241 provides in pertinent part:

(a) Motion to determine competency of defendant. At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, the defendant or the attorney for the Government may file a motion for hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(b) Psychiatric or psychological examination and report. Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c).

\* \* \*

(d) Determination and disposition. If, after hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility . . . .

Sanchez-Gonzalez remained able to understand the nature and the consequences of the proceedings and to assist in his defense.

On February 11, 2002, the district court convened to (1) evaluate Sanchez-Gonzalez's competency, and (2) accept his change of plea to guilty. Just prior to the hearing, Sanchez-Gonzalez decided not to sign the proposed plea agreement. Counsel informed the district court that the correctional facility where Sanchez-Gonzalez was being incarcerated had dispensed his prescribed competency medication. Sanchez-Gonzalez also said he was taking the prescribed medicine. Counsel confirmed that Sanchez-Gonzalez had told him the same thing. No plea was entered, but at the conclusion of an extended colloquy concerning sentencing under a potential plea agreement, counsel for the Government requested the court's decision regarding competency. The district judge concluded Sanchez-Gonzalez was competent saying: "based on what [the Federal Medical Center] has said and based on what his attorney has said. And, I don't get any impression today that he is fighting it. So I find him competent." (R., Supp. Vol. 5 at 6.) Defense counsel offered no evidence, made no objection, or in any way contested the district court's terse competency determination, nor did he make a request to do so.

On February 28, 2002, the Government and Sanchez-Gonzalez entered into a written plea agreement under which Sanchez-Gonzalez pled guilty to violating 8

U.S.C. §§ 1326(a)(1), (2) and 1326(b)(2) and waived his statutory right to appeal. A different district judge presided for a guilty plea and sentencing on July 15, 2002. As part of his Rule 11 colloquy, that judge personally addressed Sanchez-Gonzalez and determined he was competent and accepted the plea and agreement. Again, defense counsel neither objected nor offered any evidence contesting this fresh assessment of Sanchez-Gonzalez's competency. Pursuant to the terms of the plea agreement, the district court adjudicated Sanchez-Gonzalez guilty and sentenced him to fifty-seven months imprisonment.

## DISCUSSION

The Government initially contends Sanchez-Gonzalez's waiver of his right to appeal in the plea agreement precludes this challenge. We do, however, have jurisdiction to determine our jurisdiction. *See United States v. Hahn*, 359 F.3d 1315, 1324 (10th Cir. 2004). To avoid dismissal of his appeal, Sanchez-Gonzalez must demonstrate why his waiver in the plea agreement should not be enforced. For appeals brought by defendants who have waived their appellate rights in a plea agreement, we confine our analysis to "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice as defined in our precedents." *Id.* at 1325 (citing *United States v. Andis*, 333 F.3d 886, 890-92 (8th Cir. 2003)(en banc).

Reading Sanchez-Gonzalez's argument, we decipher a single issue: whether he

knowingly and voluntarily waived his appellate rights on account of his incompetency. Specifically, Sanchez-Gonzalez contends the district court applied the incorrect standard for determining his competency by failing to specify whether he was able to assist in his own defense and clearly erred in determining him competent to stand trial. Taking Sanchez-Gonzalez's arguments in turn, we first review *de novo* the competency standard employed by the district court. *Lafferty v. Cook*, 949 F.2d 1546, 1550 (10th Cir. 1991).

A defendant is competent to stand trial if he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him." *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996) (citing *Dusky v. United States*, 362 U.S. 402 (1960)); *see also Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). Moreover, the Government may presume the defendant is competent and require him to shoulder the burden of proving his incompetence by a preponderance of the evidence. *Cooper*, 517 U.S. at 355 (citation and quotation omitted); *see also* 18 U.S.C. § 4241(d).

Close inspection of the record reveals nothing suggesting the district court used an incorrect standard. In fact, the entire question of competency was framed as one in which "the whole issue is whether or not you can assist your attorney in preparing for trial." (R., Supp. Vol. 4 at 11.) Because the district court utilized the

correct standard in assessing Sanchez-Gonzalez's competency, we turn next to whether the district court clearly erred in its factual determination that Sanchez-Gonzalez was competent.

Competency to stand trial is a factual determination that can be set aside only if it is clearly erroneous. *United States v. Boigegrain*, 155 F.3d 1181, 1189 (10th Cir. 1998) (citation omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mackovich*, 209 F.3d 1227, 1232 (10th Cir. 2000) (quotations and citation omitted).

After reviewing the record, we do not believe the district court's finding of competency was erroneous, much less clearly erroneous. The record confirms the district court took the appropriate steps under both *Dusky* and § 4241 in assessing and committing Sanchez-Gonzalez for treatment. The district court relied on both the Federal Medical Center's report as well as its own observations of the defendant's demeanor, in addition to what defense counsel reported, in making its competency determination, which was undoubtedly within the district court's province. *Boigegrain*, 155 F.3d at 1189.

Sanchez-Gonzalez, however, contends the district court should have conducted a more exacting inquiry into whether he could properly assist in his own defense. The problem with his contention is that neither he nor defense counsel did anything

to alert the judge to a problem. Without question, "[o]f all the actors in a trial, defense counsel has the most intimate association with the defendant." *Id.* at 1188. Thus, while not dispositive, defense counsel's silence when a court is assessing his client's ability to properly assist him hardly supports a belated claim of clear error in the competency determination. *See Walker v. Gibson*, 228 F.3d 1217, 1228 (10th Cir. 2000) ("[D]efense counsel is often in the best position to determine whether a defendant's competency is questionable.") Context is important to our review. Nothing in the record suggests the trial judge should have been more exacting under the circumstances or that he clearly erred. We conclude Sanchez-Gonzalez entered into his plea agreement knowingly and voluntarily. Therefore, he is bound by its terms, including the waiver.

Because we affirm the district court's determination of competency, we conclude Sanchez-Gonzalez knowingly and voluntarily waived his right to appeal. This appeal is **DISMISSED**. Sanchez-Gonzalez's Motion to Supplement the Record is **DENIED**.

> **Entered by the Court:**
>
> **Terrence L. O'Brien**
> United States Circuit Judge