FILED
United States Court of Appeals
Tenth Circuit

August 3, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

BRIAN DEWAYNE RAWLE,

      Petitioner-Appellant,

v.

WYOMING DEPARTMENT OF
CORRECTIONS STATE
PENITENTIARY WARDEN;
WYOMING DEPARTMENT OF
CORRECTIONS DIRECTOR,

      Respondents-Appellees.

No. 10-8021
(D.C. No. 2:08-CV-00196-WFD)
(D. Wyo.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

      Brian Dewayne Rawle, a Wyoming state prisoner, seeks a certificate of

appealability ("COA") to challenge the district court's denial of his application

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We exercise

---

[*]    This Order is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1. After examining the briefs and the appellate record, this
three-judge panel determined unanimously that oral argument would not be of
material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument.

jurisdiction under 28 U.S.C. §§ 1291 and 2253(a) and conclude that Mr. Rawle has failed to make a substantial showing of the denial of a constitutional right. Thus, we deny the request for a COA and dismiss the appeal.

## BACKGROUND

In April 2005, a jury convicted Mr. Rawle of felony murder, attempted aggravated robbery, and conspiracy to commit aggravated robbery under Wyoming law. Although Mr. Rawle appealed his conviction on several grounds, he neglected to raise an ineffective-assistance-of-trial-counsel claim on direct appeal. In April 2007, the Wyoming Supreme Court affirmed his conviction. *Rawle v. State*, 155 P.3d 1024, 1031 (Wyo. 2007).

In June 2008, Mr. Rawle filed a petition for post-conviction relief in Wyoming state court. Mr. Rawle argued that he was deprived of his right to the effective assistance of trial counsel, pursuant to the Sixth and Fourteenth Amendments to the U.S. Constitution, because his counsel had not investigated whether he had any mental deficiencies and had not advised him properly regarding a possible plea agreement. Mr. Rawle asserted that if his trial counsel had obtained a neuro-psychological evaluation, counsel could have shown that Mr. Rawle lacked the requisite intent to commit attempted aggravated robbery.

In July 2008, the state district court denied the petition for post-conviction relief. The state district court held that the ineffective-assistance-of-trial-counsel

claim was procedurally barred by Wyo. Stat. Ann. § 7-14-103(a)(i)[1] because Mr. Rawle had not raised it on direct appeal. The state district court also found that Mr. Rawle did not qualify for an exception to this procedural bar because he had not (1) proffered credible evidence that either was not known to him or not reasonably available to him at the time of his direct appeal, or (2) alleged the denial of effective assistance of appellate counsel. In August 2008, the Wyoming Supreme Court likewise denied Mr. Rawle's petition for post-conviction relief.

On September 3, 2008, Mr. Rawle filed an application for a writ of habeas corpus in federal district court. As in the post-conviction proceeding in state

---

[1] Wyo. Stat. Ann. § 7-14-103 provides, in pertinent part, as follows:

(a) A claim under [Wyo. Stat. Ann. § 7-14-101 through § 7-14-108] is procedurally barred and no court has jurisdiction to decide the claim if the claim:

(i) Could have been raised but was not raised in a direct appeal from the proceeding which resulted in the petitioner's conviction;

. . . .

(b) Notwithstanding paragraph (a)(i) of this section, a court may hear a petition if:

(i) The petitioner sets forth facts supported by affidavits or other credible evidence which was not known or reasonably available to him at the time of a direct appeal; or

(ii) The court makes a finding that the petitioner was denied constitutionally effective assistance of counsel on his direct appeal.

court, Mr. Rawle claimed that he was denied his constitutional right to the effective assistance of trial counsel. In a motion to dismiss, the State of Wyoming raised the affirmative defense of an independent and adequate state procedural bar against this claim. The district court held that Mr. Rawle had not exhausted his ineffective-assistance-of-trial-counsel claim in state court and that this claim was procedurally barred by Wyo. Stat. Ann. § 7-14-103(a)(i). Even if this claim were not procedurally barred, the district court concluded that Mr. Rawle would not be entitled to relief because he had not demonstrated that his trial counsel was constitutionally deficient or that his trial counsel's performance resulted in prejudice. The district court dismissed the action and declined to grant a COA. Mr. Rawle filed a timely notice of appeal.

## DISCUSSION

"A COA is a jurisdictional pre-requisite to our review." *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies the petitioner's claims on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484

-4-

(2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

On appeal, Mr. Rawle requests a COA to challenge the denial of his application for a writ of habeas corpus. He contends that the district court erred in holding that Wyo. Stat. Ann. § 7-14-103 procedurally barred his ineffective-assistance-of-counsel claim. Assuming, *arguendo*, that the Wyoming statute does not procedurally bar this claim, Mr. Rawle also argues that he was deprived of his constitutional right to the effective assistance of trial counsel because his attorney failed to investigate his mental deficiencies and to advise him properly regarding a possible plea agreement.

## I. Procedural Bar

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "strictly limits a federal court's ability to consider issues on habeas review that the state court deemed procedurally barred." *Hammon v. Ward*, 466 F.3d 919, 925 (10th Cir. 2006). Under AEDPA, a court will not consider "[c]laims that are defaulted in state court on adequate and independent state procedural grounds . . . , unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Fairchild v. Workman*, 579 F.3d 1134, 1141 (10th Cir. 2009) (internal quotation marks omitted). "A state procedural default

-5-

is 'independent' if it relies on state law, rather than federal law." *Id.* (internal quotation marks omitted). "A state procedural default is 'adequate' if it is firmly established and regularly followed." *Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008), *cert. denied*, 130 S. Ct. 238 (2009); *accord Fairchild*, 579 F.3d at 1141 ("A state ground will be considered adequate only if it is strictly or regularly followed and applied evenhandedly to all similar claims." (internal quotation marks omitted)).

Under Wyo. Stat. Ann. § 7-14-103(a)(i), a claim "is procedurally barred" if it "[c]ould have been raised but was not raised in a direct appeal from the proceeding which resulted in the petitioner's conviction." As discussed *supra*, Mr. Rawle neglected to raise his ineffective-assistance-of-trial-counsel claim on direct appeal. The state court subsequently held in post-conviction proceedings that this claim was procedurally barred.

Mr. Rawle does not contest on appeal the district court's determination that his ineffective-assistance claim is procedurally barred on an independent and adequate state-law ground.[2] Instead, he attempts to overcome this procedural bar

---

[2]     Before the district court, Mr. Rawle asserted that Wyo. Stat. Ann. § 7-14-103 is not an adequate state procedural ground. However, we need not address this issue on appeal because Mr. Rawle failed to raise it in his opening brief. Fed. R. App. P. 28(a)(9)(A) (requiring an appellant's opening brief to identify "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an
(continued...)

by demonstrating "cause and prejudice" to excuse his default.  To demonstrate cause, a petitioner must show "that some objective factor external to the defense impeded counsel's efforts" to raise the claim in state court.[3]  *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *accord Coronado v. Ward*, 517 F.3d 1212, 1215 (10th Cir. 2008).  Mr. Rawle argued cause and prejudice in the district court.  Although the court did not expressly address this argument, the court effectively rejected it in dismissing his ineffective-assistance-of-trial-counsel claim as procedurally

---

[2](...continued)
appellant's opening brief.").  At one point in his brief, Mr. Rawle does state generally that he "is not procedurally defaulted."  Aplt. Br. at 28.  However, Mr. Rawle never disputes that Wyo. Stat. Ann. § 7-14-103(a)(i) provides an independent and adequate state-law ground, which may effect a procedural default.  Rather, his argument on appeal is focused on avoiding his procedural default by establishing cause and prejudice.

[3]        Mr. Rawle applies the incorrect legal standard to demonstrate "cause and prejudice."  In particular, Mr. Rawle applies the framework for determining whether a state procedural bar to an ineffective-assistance-of-counsel claim is *adequate* for purposes of federal habeas review.  Aplt. Br. at 28 (quoting *Osborn v. Shillinger*, 861 F.2d 612, 623 (10th Cir. 1988)).  Mr. Rawle, however, does not challenge the adequacy of Wyoming's procedural bar in his opening brief; accordingly, the challenge is waived.  *See supra* note 2.  Under the adequacy analysis, the "procedural bar will apply only in those limited cases meeting the following two conditions:  trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone."  *Young v. Sirmons*, 551 F.3d 942, 956 (10th Cir. 2008) (internal quotation marks omitted) (brackets omitted) (analyzing the procedural bar in a case involving an Oklahoma statute that is analogous to the Wyoming statute), *cert. denied*, 130 S. Ct. 272 (2009); *accord Osborn*, 861 F.2d at 623 (applying this framework to the Wyoming statute).  Because this legal standard governs whether a state procedural law is "adequate," *see Fairchild*, 579 F.3d at 1142–43; *Coronado*, 517 F.3d at 1215, and not whether there is cause for excusing any default under that state law, Mr. Rawle's reliance on this standard is misguided.

barred.  We conclude that reasonable jurists could not debate the correctness of the court's ultimate disposition of this claim.

Specifically, we conclude that Mr. Rawle has abandoned the cause argument that he raised in the district court and waived the cause argument that he now presents to us.  Courts have found the existence of "cause" when the habeas petitioner had the same counsel at trial and on appeal.  *Hopkinson v. Shillinger*, 866 F.2d 1185, 1204 n.12 (10th Cir. 1989), *aff'd*, 888 F.2d 1286 (10th Cir. 1989) (en banc), *overruled on other grounds by Sawyer v. Smith*, 497 U.S. 227 (1990).  In the district court, Mr. Rawle contended that he had the same trial and appellate counsel.  However, he now concedes that "different attorneys handled the trial and direct appeal," Aplt. Br. at 28.  Consequently, Mr. Rawle has abandoned the cause argument that he made in the district court.

Before us, Mr. Rawle's argument for cause centers on the view that nothing in the cold trial record would have indicated to the appellate counsel that the trial counsel had not investigated the defendant's mental deficiencies.  *See id.* at 26 ("There is nothing in the cold record that would have alerted [appellate counsel] to this deficiency and the failure of [trial counsel] to investigate Rawle's mental state.").  He therefore reasons that "trial counsel's error in this case could only be discovered in post-conviction," and not on direct appeal.  *Id.*; *see id.* at 28 ("[T]he first time it was even possible for Rawle to raise ineffectiveness of trial counsel was in his state post-conviction petition.").  This argument was not presented to

-8-

the district court.  Although Mr. Rawle similarly contended in the district court that trial counsel's ineffectiveness could not be unearthed until post-conviction proceedings, that contention was expressly tied to Mr. Rawle's argument that he had the same counsel at trial and on appeal.  *See* Merits Br. of Petitioner at 6, *Rawle v. Wyo. Dep't of Corr. State Penitentiary Warden*, No. 08-CV-196-D (D. Wyo. Nov. 9, 2008), ECF No. 25 (noting that trial counsel's alleged ineffectiveness could not be discovered until post-conviction proceedings, because it was only then that "new counsel was hired, independent of the Wyoming Public Defender System").  As noted, however, Mr. Rawle concedes here that he did not have the same counsel at trial and on direct appeal.

Accordingly, Mr. Rawle's argument before us is a new one, which he did not present to the district court.  Absent a showing of extraordinary circumstances, we deem this argument to be waived.  *See, e.g.*, *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1143 (10th Cir. 2009) ("Absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal."); *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 722 (10th Cir. 1993) ("[W]e have consistently turned down the argument that the raising of a related theory was sufficient.").[4]

---

[4]     This is the only cause argument that Mr. Rawle advances on appeal. Mr. Rawle is represented by counsel; therefore, his appellate filings are not entitled to "the mandated liberal construction afforded to pro se pleadings." *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  Even if he were

(continued...)

In sum, Mr. Rawle's arguments fail to demonstrate "cause" for the procedural default in Wyoming state court of his ineffective-assistance-of-trial-counsel claim. Therefore, we conclude that reasonable jurists could not debate the correctness of the district court's resolution of Mr. Rawle's ineffective-assistance-of-trial-counsel claim—*viz.*, the court decision to dismiss the claim as procedurally barred.

## II. Ineffective Assistance of Trial Counsel

Mr. Rawle contends that he was deprived of his constitutional right to the effective assistance of trial counsel because his attorney failed to investigate his mental deficiencies and to advise him properly regarding the plea agreement. We reach the merits of this ineffective-assistance-of-counsel claim only in the absence of a procedural bar. *Hawkins v. Mullin*, 291 F.3d 658, 670 (10th Cir.

---

[4](...continued)
proceeding pro se, it would not be appropriate for us to "assume the role of advocate" for Mr. Rawle and put forward arguments that he does not. *Id.* (internal quotation marks omitted); *accord United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[B]ecause Pinson appears pro se, we must construe his arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate."). We note, however, that courts have determined that cause exists when the habeas petitioner alleges that his appellate counsel was constitutionally ineffective, *see Murray*, 477 U.S. at 489–90; *Banks v. Reynolds*, 54 F.3d 1508, 1514–15 (10th Cir. 1995). Yet Mr. Rawle abandoned his ineffective-assistance-of-appellate-counsel argument before the district court. Specifically, he disclaimed any intention of pursuing a claim that appellate counsel was ineffective for failing to raise on appeal an ineffective-assistance-of-trial-counsel claim. *See* Aplt. App. at 146 ("[W]e're not alleging ineffective assistance of appellate counsel."); *id.* at 183 (agreeing that the ineffective-assistance-of-appellate-counsel claim has no merit). Therefore, he cannot avail himself of that basis for cause.

2002).  Because Mr. Rawle fails to overcome the procedural bar, we do not reach the merits of this claim.

## CONCLUSION

For the foregoing reasons, we **DENY** Mr. Rawle's application for a COA and **DISMISS** his appeal.


ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge