FILED
United States Court of Appeals
Tenth Circuit

June 27, 2024

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

ROBERTO F. SANTISTEVAN,

    Petitioner - Appellant,

v.

DEAN WILLIAMS, Executive Director
Colorado Department of Corrections; THE
ATTORNEY GENERAL OF THE STATE
OF COLORADO,

    Respondents - Appellees.

No. 23-1193
(D.C. No. 1:22-CV-02466-LTB-KLM)
(D. Colo.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **McHUGH**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

Petitioner Roberto Santistevan, appearing pro se, requests a certificate of appealability ("COA") to challenge the district court's dismissal of his 28 U.S.C. § 2254 application. For the reasons stated below, we deny his request for a COA and dismiss the matter. We also deny Petitioner's request to proceed *in forma pauperis*.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

On May 4, 2012, a Colorado-state jury found Petitioner guilty of second-degree murder, felony murder, and second-degree burglary. The state trial court sentenced Petitioner to life imprisonment without parole. On direct appeal, the Colorado Court of Appeals affirmed the judgment, and the Colorado Supreme Court denied Certiorari. Petitioner then sought postconviction relief in state court. The state court denied his claim, the Colorado Court of Appeals affirmed, and the Colorado Supreme Court denied his Petition for Writ of Certiorari. For a second time, Petitioner sought postconviction relief in state court. Again, the state court denied his claim, and the Colorado Court of Appeals affirmed. For a third time, Petitioner sought postconviction relief in state court. The state court denied Petitioner's claim, the Colorado Court of Appeals affirmed, and the Colorado Supreme Court denied his Petition for Writ of Certiorari.

Petitioner then filed a § 2254 petition in the United States District Court for the District of Colorado, raising three claims: (1) the trial court had insufficient evidence to convict him of second-degree burglary and felony murder; (2) his trial counsel provided ineffective assistance by failing to seek a voluntary intoxication instruction; and (3) his trial counsel provided ineffective assistance by failing to seek a temporal instruction about his intent. The district court ordered the parties to brief the procedural prerequisites of timeliness and exhaustion of state remedies. Appellees asserted that Petitioner had not exhausted his ineffective assistance of counsel claims. In response, Petitioner moved to stay his habeas petition. Petitioner

2

also admitted he did not exhaust these claims, noting that, on the same day he filed his § 2254 petition, he filed a postconviction relief motion in state court and asserted the two unexhausted claims. The district court denied Petitioner a stay and ordered Petitioner to show cause for why his habeas petition should not be dismissed without prejudice, ordering the petition to be dismissed if Petitioner did not respond within twenty-one days.

Petitioner did not respond. Instead, Petitioner filed an interlocutory appeal which we dismissed for lack of jurisdiction. Petitioner then filed a request for reconsideration of his motion to stay which the district court denied. The district court dismissed petitioner's application without prejudice for failure to exhaust his ineffective assistance claims. The district court also denied Petitioner a COA and leave to proceed *in forma pauperis* on appeal, certifying "that any appeal from this dismissal would not be taken in good faith." Petitioner now requests from us a COA to appeal the district court's dismissal and leave to proceed *in forma pauperis*.

II.

To receive a COA, Petitioner must make a "substantial showing of the denial of a constitutional right." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)(2)). "[W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should be issue[d] . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000).  When we can rule based on the procedural question without addressing the merits, we often do so.  Id. at 485.

28 U.S.C. § 2254(b)(1) prohibits us from granting a habeas petition unless the petitioner has exhausted available state court remedies, or unless the state court remedies are ineffective or unavailable.  Exhaustion is a procedural requirement that is distinct from the merits of the petition.  See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

Petitioner admits that he did not exhaust his claims.  Instead, Petitioner argues that he qualifies for several exceptions to the exhaustion requirement.  We disagree.  First, Petitioner argues his claims are exempt from the exhaustion requirement because the state court will find his claims successive and therefore procedurally barred.  In essence, Petitioner asks us to predict whether the district court will determine his state claim was successive.  Because Petitioner admits that the government has not yet argued that his state court claim is successive, "it is not at all clear" that the state court will hold his claims procedurally barred, and we cannot excuse the exhaustion requirement on this basis.  See Barnett v. Hargett, 174 F.3d 1128, 1135 (10th Cir. 1999).

Second, Petitioner argues that the district court should have exercised the stay and abeyance procedure outlined in Rhines v. Weber, 544 U.S. 269, 278 (2005), permitting Petitioner's unexhausted claims to remain before the district court while he exhausted state court remedies.  We review for abuse of discretion a district

4

court's decision about whether to exercise the stay and abeyance procedure.  Id.  This procedure requires Petitioner to show good cause for his failure to exhaust, and Petitioner did not show good cause.  Id.  Petitioner gave the district court "no reason why the two ineffective assistance claims . . . were not raised in one of his three previous postconviction proceedings."  Even affording "solicitous construction" to Petitioner's pro se filings, Petitioner has not alleged that state court remedies were either ineffective or unavailable.  Van Deelen v. Johnson, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).  Therefore, the district court did not abuse its discretion, and Petitioner has failed to establish a reasonable basis to question the district court's procedural ruling.  We deny his COA request.

We also deny Petitioner's *in forma pauperis* request because he failed to show the existence of a reasoned, nonfrivolous argument in support of the issue he raised on appeal.  28 U.S.C. § 1915(a).

We DENY Petitioner's COA request and DENY Petitioner's motion to proceed *in forma pauperis*.

DISMISSED.

Entered for the Court


Joel M. Carson III
Circuit Judge
