**F I L E D**

UNITED STATES COURT OF APPEALS

**MAR 18 2005**

TENTH CIRCUIT

STEVEN RAY THOMAS,

Plaintiff - Appellant,

v.

LOUIS E. BRUCE, Warden,
Hutchinson Correctional Facility;
ROGER WERHOLTZ, Secretary of
Corrections; DENNIS GOFF, Nurse
Practitioner; JANET MYERS,
Registered Nurse; DEBRA LUNDRY,
Nurse; NEAL R. BROCKBANK,
Contracting Physician; CORRECT
CARE SOLUTIONS; KANSAS
DEPARTMENT OF CORRECTIONS;
STATE OF KANSAS; HUTCHINSON
CORRECTIONAL FACILITY,

Defendants - Appellees.

No. 04-3368
(D.C. No. 04-CV-3274-GTV)
(D. Kansas)

ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges. Judge O'Brien
concurs in the result only.

---

[*] The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

Steven Ray Thomas, a pro se prisoner, appeals the district court's dismissal of his complaint in which he asserts an Eighth Amendment claim for deliberate indifference to his serious medical needs. Finding that materials submitted by Thomas reflect that he is receiving continuing medical care, the district court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because we conclude that his complaint alleges sufficient facts that if true would entitle him to relief, we exercise jurisdiction under 28 U.S.C. § 1291 and **REVERSE**.

After being diagnosed with Hepatitis C at the El Dorado Correctional Center, Thomas was moved to the Hutchinson Correctional Facility ("HCF") where blood tests were conducted and, according to Thomas, a liver biopsy was ordered by a Dr. Brockbank.[1] At least one lab report demonstrates abnormally high liver enzyme levels which might indicate the need for a biopsy. No biopsy has been performed. After Thomas's internal grievances seeking further treatment for his Hepatitis C and a liver biopsy were denied by prison officials, he brought suit under 42 U.S.C. § 1983 alleging a violation of his Eighth Amendment rights. That suit having been dismissed, he now appeals.

Section 1915(e)(2)(B)(ii) provides that a district court shall dismiss in

---

[1] The district court's order states that the liver biopsy was ordered prior to Thomas's transfer to Hutchinson. It appears from the record before us, as alleged by the petitioner, that Dr. Brockbank's recommendation for a liver biopsy was made after his transfer.

forma pauperis prisoner actions which it determines "fail[] to state a claim on which relief may be granted." Because this language parallels that of Fed. R. Civ. Proc. 12(b)(6), we apply a de novo standard to a district court's dismissal of a prisoner's action under § 1915(e)(2)(b)(ii). Perkins v. Kan. Dep't. of Corr., 165 F.3d 803, 806 (10th Cir. 1999); see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins, 165 F.3d at 806. Accordingly, when reviewing a district court's dismissal of a prisoner's complaint under § 1915(e)(2)(b)(ii), we view the factual allegations in the "light most favorable" to the prisoner just as we do to complaints dismissed under 12(b)(6):

> All well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party. A 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). (quotation and citation omitted).

"Granting defendant's motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." Cottrell, Ltd. v. Biotrol Int'l, Inc.,

3

191 F.3d 1248, 1251 (10th Cir. 1999). Moreover, because Thomas is proceeding pro se, we must construe his complaint liberally. Haines v. Kerner, 404 U.S. 519, 520–21 (1972). Under this rule, we have concluded that if a court "can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999) (citation omitted).

Conditions of prisoner confinement create an obligation on the state to provide adequate health care for a prisoner. Estelle v. Gamble, 429 U.S. 97, 103 (1976). In light of this duty, we have held that "[a] prison official's deliberate indifference to an inmate's serious medical needs violates the Eight Amendment." Sealock v. Colo., 218 F.3d 1205, 1209 (10th Cir. 2000). However, not all failures to provide health care rise to the level of a constitutional violation. Indeed, "[i]n order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. "Deliberate indifference" is analyzed according to an objective and subjective component. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Sealock, 218 F.3d at 1209. Under the objective component, deliberate indifference occurs if the deprivation is of a sufficiently serious nature, which we

4

have held is "one that has been diagnosed by a physician as mandating treatment. . . ." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999). Under the subjective component, petitioner must establish that the "defendant(s) knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." Id. (quotation omitted).

As for the objective component, and taking petitioner's claims as true, as we must on review of a district court's dismissal pursuant to § 1915(e)(2)(b)(ii), Thomas asserts that Dr. Brockbank diagnosed his liver-enzyme levels as sufficiently abnormal to warrant treatment which would begin with a liver biopsy. It appears from the record that he has been denied this treatment by defendant Ms. Myers, the Health Services Administrator working on behalf of Correct Care Solutions, a private health care provider operating health services at Hutchinson Correctional Facility, by defendant Ms. Lundry, Director of Nursing for the facility, and by the Warden, Mr. L.E. Bruce, who reviewed the matter. Defendants' denial conflicts with Dr. Brockbank's diagnosis and recommendation for treatment. Thus, at the present stage of the proceedings, the deprivation is of a sufficiently serious nature because we accept that it has been "diagnosed by a physician mandating treatment." Hunt, 199 F.3d at 1224.

As for the subjective component, petitioner has provided evidence of defendants' knowledge of his Hepatitis C disease, Dr. Brockbank's

recommendation that a liver biopsy be performed, and lab reports indicating abnormally high liver-enzyme levels. Moreover, defendants' apparent failure to take reasonable measures to abate petitioner's disease, given their knowledge of the risk, would satisfy the subjective component for deliberate indifference. As evidence of defendants' subjective knowledge, petitioner provides a memorandum written by Ms. Lundy on June 10, 2004 in response to his grievance complaint, which in relevant part provides: "I have also reviewed your medical record concerning your Hepatitis C issues. You have been followed on a regular basis for your Hepatitis C. We are following the protocol regarding your treatment for Hepatitis C. Your most recent lab indicates your liver enzymes to be within normal limits." Petitioner attaches a lab report dated October 21, 2004 which indicates abnormally high ALT levels (193 – normal is less than 40) and AST levels (119 – normal is less than 37).[2] Although the "most recent lab" referenced in a June 10, 2004 memorandum could not possibly mean the October 2004 report, Ms. Lundy's claim conflicts with Dr. Brockbank's conclusion that Thomas's liver enzymes are abnormally elevated (as petitioner characterizes Dr.

---

  [2] A cursory review of the Centers for Disease Control's website reveals that such high ALT levels are indicative of Hepatitis C and could indicate the presence of liver disease stemming from his Hepatitis C infection. See http://www.cdc.gov/ncidod/diseases/hepatitis/c/.

6

Brockbank's conclusion), and it conflicts with the lab report petitioner provides.[3] Both of these inconsistencies lead us to conclude that Thomas's complaint sufficiently alleges defendants' subjective disregard of risk to his health by failing to take reasonable measures to abate that risk.[4]  See Farmer, 511 U.S. at 847; Hunt, 199 F.3d at 1224.

We are concerned that the record reflects no evidence, beyond defendants' own administrative denials of petitioner's claims, that petitioner's "specific needs are being met and will continue to be met into the future" as Warden Bruce writes in his final conclusion to Thomas's internal grievance.  See also Helling v. McKinney, 509 U.S. 25, 33 (1993) (providing that the Eighth Amendment also protects against future harm to an inmate).  Indeed, the record does not reflect that defendants have provided any treatment for Thomas's disease.  Beyond receiving blood tests confirming that he has Hepatitis C and suggesting abnormal enzyme levels possibly indicative of liver disease, we can find no basis in the

---

[3] We also note that Thomas's brief indicates that a biopsy has been ordered at least twice while he has been at Hutchinson.  After Thomas confronted Nurse Practitioner Dennis Goff with a copy of his October 2004 lab report that clearly indicated abnormal enzyme levels, Goff, who had previously stated that his enzyme levels were normal, ordered a biopsy subject to review by Ms. Meyers.  If true, these allegations suggest both subjective knowledge and a disregard of the risk to petitioner.

[4] Although Thomas's Hepatitis C disease may not be at a stage that would warrant treatment by alpha or pegylated interferon or ribavirin, taking Thomas's complaint as true, it is unclear how the appropriate course of treatment for his disease properly could be determined without a liver biopsy.

record to support the district court's finding that Thomas "is receiving ongoing care for his medical condition." Without much more to indicate an appropriate and specific course of treatment for petitioner's Hepatitis C, and in light of the claims for relief raised by petitioner, dismissal of Thomas's complaint was error.

Accordingly, we **REVERSE** the district court's dismissal of petitioner's complaint and **REMAND** with instructions to allow Thomas to amend his complaint as needed.[5] We remind the petitioner that he must continue making payments on his appellate filing fee.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[5] We **DENY** Thomas's motion for a preliminary injunction.