**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 3, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

STEVEN RAY THOMAS,

　　　　Plaintiff-Appellant,

v.

LOUIS E. BRUCE, Warden,
Hutchinson Correctional Facility;
ROGER WERHOLTZ, Secretary of
Corrections; DENNIS GOFF, Nurse
Practitioner; JANET MYERS,
Registered Nurse; DEBRA LUNDRY,
Nurse; NEAL R. BROCKBANK,
Contracting Physician; CORRECT
CARE SOLUTIONS,

　　　　Defendants-Appellees.

No. 06-3235
(D.C. No. 04-CV-3274-JTM)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

[*]　　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

This case involves an appeal by pro se Plaintiff Steven Ray Thomas of the district court's order granting summary judgment sua sponte in favor of defendants. Mr. Thomas's lawsuit filed pursuant to 42 U.S.C. § 1983 asserts that while he was incarcerated in a Kansas state prison that the various named defendants were aware of, and deliberately indifferent to, his serious medical needs with respect to treatment of his Hepatitis B and C, all in violation of the Eighth Amendment. On appeal, Mr. Thomas does not challenge the district court's order on summary judgment, but instead requests the court to grant him leave to file an amended complaint. Because the proposed amended complaint would either only amend non-material clerical errors or present new arguments and evidence not raised before the district court, we are constrained to affirm the district court's grant of summary judgment in favor of the defendants.

I

On August 26, 2004, Mr. Thomas, a prisoner of the State of Kansas, filed this suit under 42 U.S.C. § 1983 asserting that defendants violated his Eighth Amendment rights while he was incarcerated through their deliberate indifference to his serious medical needs. Mr. Thomas's complaint sought declaratory and injunctive relief and compensatory and punitive damages. Attached to Mr. Thomas's complaint were thirty-four pages of documents supporting his claims. The district court assigned the case dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 12(b)(6) of the Federal Rules of Civil Procedure,

which order we reversed on appeal in *Thomas v. Bruce*, 125 F. App'x 964 (10th Cir. Mar. 18, 2005) (unpub.). On May 3, 2005, Mr. Thomas filed a verified amended complaint excluding as defendants the State of Kansas, Kansas Department of Corrections, and Hutchinson Correctional Facility ("HCF"), but otherwise alleging similar facts constituting the same constitutional violation by the same individual defendants and seeking the same relief as his first complaint. Mr. Thomas again attached exhibits to his complaint supporting his claims.

On May 3, 2005, Mr. Thomas also filed a motion requesting the district court to order a report be prepared by prison officials pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (the "*Martinez* Report"), which the district court granted on May 10, 2005. On September 16, 2005, the Kansas Department of Corrections filed the *Martinez* report with the district court.

On February 13, 2006, Defendants Louis E. Bruce and Roger Werholtz moved the district court for summary judgment. Mr. Thomas did not file a response but, instead, on March 10, 2006, filed a motion to amend his Amended Complaint to fix two "clerical errors" (adding the date and fact that he received a biopsy to paragraphs 28 and 34) and disputing the date on which defendants learned of his Hepatitis diagnosis (1996 versus 2003). Mr. Thomas renewed his motion to correct the two "clerical mistakes" on April 3, 2006, and also moved to correct an error in the *Martinez* report (the date the biopsy was performed was

December 7, 2004, not December 17, 2004) and delete two paragraphs from his initial disclosures regarding who ordered a biopsy.

On April 25, 2006, without ruling on the motions to amend, the district court granted summary judgment in favor of all defendants. Although the district court found Defendants Bruce and Werholtz's motion failed to comply with federal and local rules and "lack[ed] substantive legal analysis of the claim presented," Dist. Ct. Order of April 25, 2006, at 1, the district court, nonetheless, granted summary judgment sua sponte "in the interest of judicial expediency," *id.* The district court explicitly based its findings on the information in the *Martinez* report, *id.* at 4, and, because Mr. Thomas had failed to file a timely response, proceeded as if it were considering an unopposed motion for summary judgment, *id.* at 3. After an extensive examination of records in the *Martinez* report, the district court concluded:

> The medical record indicates that defendants were continuously aware of and monitoring plaintiff's condition. In March 2003, plaintiff's goal was established to avoid liver toxins. On August 22, 2003 and January 29, 2004, plaintiff had additional lab work done. On October 20, 2004, plaintiff requested and received records as to his enzyme levels. After this, the record indicates that doctor and patient agreed they would "work up the process" on plaintiff regarding his hepatitis. In the following months, additional tests were conducted. By mid-November 2004, it was recommended that plaintiff receive a liver biopsy. On December 7, 2004, the liver biopsy was performed. In his motion to amend his complaint, plaintiff acknowledges he received the biopsy in December 2004.

Under these circumstances, the court finds that plaintiff fails to establish an Eighth Amendment claim. Defendants clearly acknowledge that plaintiff had a serious condition that was continuously monitored through clinic visits and lab tests. Plaintiff fails to establish that defendants were deliberately indifferent under both an objective and subjective analysis. First, there is no evidence of a deprivation that was sufficiently serious to meet the objective component. The care providers recognized plaintiff's condition and provided ongoing monitoring. Second, there is no evidence of defendants knowingly disregarding risk to plaintiff's health. When plaintiff's high enzyme levels warranted further testing and a liver biopsy, defendants undertook steps to ensure treatment through the established administrative process. Plaintiff fails to contradict these facts. The record indicates that plaintiff's reluctance to participate in a drug treatment program may have been partially responsible for his treatment delays.

*Id*. at 15-16.

On May 12, 2006, Mr. Thomas filed a motion to reconsider, which the district court denied on May 31, 2006. In its order, the district court explained that it had "waited more than two months before entering an order in this case," Dist. Ct. Order of May 31, 2006, at 2, and that a response from Mr. Thomas was not received until the day the court was planning to file its grant of summary judgment, *id*. Moreover, the district court noted that the response it received from Mr. Thomas failed to comply with local filing requirements and thus could not be docketed or considered even if it had been timely. *Id*. The court found under those circumstances its original grant of summary judgment was appropriate.

II

On appeal, Mr. Thomas has "stipulate[d] the [district] court did act appropriately in dismissing his complaint for failure to state a claim [sic], but should have allowed him the opportunity to amend the . . . complaint." Aplt. Opening Br. at 17. From this, and seeking to construe his argument as liberally as we might, we perceive Mr. Thomas to be making one of two arguments on appeal: (1) that the district court should have granted his motions to amend his complaint and supplement the record, or (2) that he should be granted another opportunity by this court to present a different amended complaint fixing the defects in his original complaints.

With respect to the first of these arguments, however, Mr. Thomas had two motions pending before the district court to amend his complaint and supplement the record when the district court granted summary judgment and none of the proposed revisions would have altered the district court's analysis. In fact, the district court's order explicitly acknowledged and addressed the revisions that Mr. Thomas sought to make through his motions to amend. *See* Dist. Ct. Order of April 25, 2006, at 15 ("In his motion to amend his complaint, plaintiff acknowledges he received the biopsy in December 2004."). Accordingly, even if the district court had granted Mr. Thomas's motions to amend prior to issuing its

order granting summary judgment, the district court's analysis would not have changed at all.[1]

We think it more likely that on appeal Mr. Thomas is asking this court for another opportunity to file an amended complaint based on new evidence and arguments he has presented on appeal. However, Mr. Thomas was already granted an opportunity to amend his complaint "as needed" after his first appeal to this court, *Thomas*, 125 F. App'x at 968. The only reason Mr. Thomas provides for why he failed previously to present the arguments and evidence he now seeks to advance was that "at the time [he] drafted his complaint, he had no understanding of the law and/or legal writing whatsoever." Aplt. Opening Br. at 17. But in the proceedings on remand after his initial appeal, Mr. Thomas did have knowledge of the facts of his case, the contents of the *Martinez* Report, and defendants' motion for summary judgment. Moreover, Mr. Thomas was able to successfully appeal the district court's dismissal of his lawsuit, file an amended complaint, and file two motions to amend errors he found in his amended complaint, his initial disclosures, and the *Martinez* Report. Mr. Thomas thus had

_____

[1]     "A *Martinez* report is treated like an affidavit, and the court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence." *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991). In this case, even considering the excluded allegations, Mr. Thomas presented nothing relevant to the district court's grant of summary judgment which conflicted with the *Martinez* report.

more than sufficient notice and opportunity to present all his new evidence and arguments before the district court.

Generously read, Mr. Thomas's second appeal constitutes his fourth motion to file an amended complaint in this matter. Although we recognize that pro se parties should not be held to the same standards as attorneys and should be afforded significant leniency in their filings, granting Mr. Thomas another opportunity to present the arguments and evidence he should have presented previously before the district court would significantly undermine the value of finality. Accordingly, while affording Mr. Thomas all the benefits of a pro se litigant, we are nonetheless constrained to deny his request for another opportunity to amend his complaint based on new arguments and evidence he has thus far failed to present to the district court. *See, e.g.*, *Wardell v. Duncan*, 470 F.3d 954, 963 (10th Cir. 2006) (affirming district court's denial of leave to amend a pro se complaint when plaintiff moved to amend two years after filing the action, "did not diligently pursue the basis for such amendments, and that the facts behind such amendments would have been known to the plaintiff at the initiation of this action," (citations omitted)).

\* \* \*

The judgment of the district court is affirmed. Mr. Thomas's motion to proceed without prepayment of costs or fees is granted. He is reminded that he is

obligated to continue making partial payments until the entire fee has been paid.

All other pending motions are denied as moot.[2]

                                        Entered for the Court


                                        Neil M. Gorsuch
                                        Circuit Judge

---

[2]     Mr. Thomas has a number of outstanding motions, including:  (1) to proceed without prepayment of costs or fees, file-stamped September 25, 2006; (2) for preliminary injunction and attached motion for oral argument, file-stamped January 11, 2007; and (3) for permission to supplement his appendix, affidavit 7, with lab reports for another inmate with Hepatitis C, file-stamped January 22, 2007.  Mr. Thomas has also filed a notice to the court regarding his attempts to retain counsel and a notice regarding certain exhibits filed-stamped March 8, 2007.