**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 2, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CURTIS SCOTT WILLIAMS,

    Plaintiff - Appellant,

v.

WEBER MORGAN STRIKE FORCE;
RYAN REID, KAREN MCINTOSH,
KEVIN SHAWN GROGAN, STEVE
HANEY, Case Agents at Weber Morgan
Strike Force; GERALD TROY
BURNETT, LEON DALE WEESE,
Officers at Ogden City Police
Department; MARK ACKER, Lieutenant
at Weber Morgan Strike Force; and
BRAD SLATER, Sheriff at Weber
County Sheriffs Office,

    Defendants - Appellees.

No. 08-4071
(D.C. No. 1:07-CV-70-DAK)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

    [*]    This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.  After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff-Appellant Curtis Scott Williams, appearing pro se,[1] appeals the district court's dismissal of his civil rights complaint. He also seeks leave to proceed on appeal in forma pauperis. At the time that he filed this action, Mr. Williams was a federal prisoner awaiting trial on charges related to the manufacture of methamphetamine.[2] Relying on the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), the district court found that Mr. Williams's claims were an "attempt to undermine the criminal charges still pending against [him]" and, therefore, not cognizable under 42 U.S.C. § 1983. R., Vol. II, Doc. 15, at 3-5 (Mem. Decision & Order Dismissing Compl., dated Mar. 25, 2008). On appeal, Mr. Williams attempts to present an entirely new theory of his case and raise claims not included in his complaint. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the district court's decision to dismiss the complaint. We deny Mr. Williams's motion to proceed in forma pauperis.

## I. BACKGROUND

In February 2006, Mr. Williams was arrested by state police in Weber County, Utah. He was subsequently indicted by a federal grand jury on three counts related to the manufacture of methamphetamine. In response, Mr. Williams filed this civil rights action

---

[1] Because Mr. Williams is proceeding pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

[2] On May 27, 2008, Mr. Williams pleaded guilty to one count of using a telephone in committing or in causing and facilitating the commission of acts constituting a felony under the Controlled Substances Act, namely attempting to possess a chemical precursor to methamphetamine, in violation of 21 U.S.C. § 843(b). He was sentenced to time served and was released.

2

against the members of the state police task force that investigated and, ultimately, arrested him. In Count I of his complaint, Mr. Williams alleges that his due process rights were violated when Agent McIntosh destroyed two cases of pseudoephedrine that Mr. Williams was charged with possessing.[3] In Count II, he alleges that his Fourth Amendment rights were violated when the officers who searched his home and arrested him failed to produce a warrant. In Count III, he alleges that his free speech rights were violated when the police department's internal affairs division failed to conduct an investigation into his claims of police misconduct. Mr. Williams also filed a twenty-page, handwritten supplement to his complaint in which he recites the factual bases for his claims.

The district court dismissed the complaint sua sponte. Mr. Williams had filed his complaint pro se and in forma pauperis ("IFP"). Under the Prison Litigation Reform Act, the district court has a duty to dismiss an IFP complaint that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (recognizing that although "[t]he federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have

---

[3] Pseudoephedrine, in addition to being a common decongestant, is also a precursor chemical used in the production of methamphetamine. *See generally United States v. Brooks*, 438 F.3d 1231, 1234, 1239 (10th Cir. 2006); *United States v. Cavely*, 318 F.3d 987, 997 (10th Cir. 2003). It is a felony to possess pseudoephedrine knowing, or having reasonable cause to believe, that it will be used to manufacture methamphetamine. 21 U.S.C. § 841(c).

meaningful access to the federal courts," Congress also sought to prevent "abusive or captious litigation" by plaintiffs who "lack[] an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits"). In particular, the district court concluded that since "a judgment in favor of [Mr. Williams] on any of the claims alleged in his present Complaint would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the criminal charges still pending against him," he had failed to state a claim on which relief could be granted. R., Vol. II, Doc. 15, at 5. This appeal followed.

## II. DISCUSSION

"We review de novo the district court's decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "'Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'" *Id.* (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001)).

Mr. Williams argues that the district court misunderstood the nature of his complaint. He maintains that the only relief that he seeks is "restitution for the loss of all of his property" that resulted from "the deliberate indifference of the defendants." Aplt. Br. at 4, 5. He claims that after he was arrested at his home, the agents failed to lock the doors or otherwise secure the premises and that, as a consequence, all of his possessions were stolen. *Id.* at 3. He suggests that all of the other information included in his

4

complaint was merely background information that he included to "try[] to demonstrate how this loss occurred." *Id.* (contending that "despite the voluminous record," "the district court . . . [was] unable to decipher the relief the appellant is requesting based upon a claim that seems blatantly obvious and is stated throughout the complaint").

We do not expect Mr. Williams, as a pro se plaintiff, to be skilled at drafting a "short and plain statement of [his] claim." Fed. R. Civ. P. 8(a)(2). However, even under an extremely liberal construction, and giving every benefit to Mr. Williams, there is simply no way to read his complaint as including this new claim, no matter how "blatantly obvious" he believes it to be. We will excuse his "'failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.'" *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). But "a district court should not assume the role of advocate for the pro se litigant, and [it] may not rewrite a petition to include claims that were never presented." *Id.* (citation and internal quotation marks omitted).

In his complaint, Mr. Williams alleges three specific constitutional violations. Two of his counts are completely unrelated to the circumstances surrounding his arrest. In Count I, he claims that the police destroyed evidence recovered from his car. However, this incident allegedly occurred a year before his arrest. R., Vol. II, Doc. 9, at 7-8 (Pl.'s Supplemental Filing, filed June 7, 2007). In Count III, Mr. Williams claims that the police refused to investigate his allegations of police misconduct. But he did not

5

even request an investigation until well after he was arrested, and we cannot see how any failure to conduct an investigation would have caused the injury he alleges.

The remaining claim, stated in Count II, does relate to his arrest, but Mr. Williams *only* claims that the police violated his Fourth Amendment rights by failing to produce a warrant. R., Vol. II, Doc. 5, at 6 (Compl., filed May 15, 2007) ("Rule 4 [of the Federal Rules of Criminal Procedure] states that upon demand or as soon as fe[a]s[i]bly practicable warrants will be produced for inspection. Not only was petitioner denied this production at the scene but well after even through a GRAMA [Government Records Access and Management Act, Utah Code Ann. § 63G-2-201] request . . . ."). But the failure to provide him with a copy of the warrant did not cause the loss of his property. *See Carey v. Piphus*, 435 U.S. 247, 254-56 (1978) (holding that before damages can be awarded under § 1983 the constitutional violation must have caused a compensable injury). Thus, the issue Mr. Williams raises on appeal appears to be completely unrelated to any of the constitutional violations that he alleges in his complaint.

We note that Mr. Williams, in describing his injury, stated that "[e]very personal item I own . . . [is] now gone due to inappropriate illegal acts by the defendants." R., Vol. II, Doc. 5, at 7. However, nowhere in his complaint does he offer any explanation as to how the defendants caused this loss. The only hint that we can find is buried deep within his supplemental filing. Mr. Williams states in this filing that the "agents and officers did knowingly [and] intentionally enter petitioner[']s apartment without the warrant, took custody of the petitioner, then failed to secure the 'target area' upon departure. Resulting

6

in the eventual theft of all of the petitioner[']s personal belongings." R., Vol. II, Doc. 9, at 17.

However, even this bare factual allegation fails to state a claim under § 1983. He never asserted that the police violated any of his federal rights. Indeed, even with the benefit of Mr. Williams's appellate brief, in which he attempts to explain the supposedly true nature of his complaint, we are unable to identify the federal right at issue.[4] Mr. Williams states that the loss of his property was "a direct result of the flagrant improprieties of the named defendants, contrary to their own policies and Utah Code that they are bound by." Aplt. Br. at 6. But a violation of police policies or a state statute, standing alone, cannot form the basis of a claim under 42 U.S.C. § 1983. *See Rector v. City & County of Denver*, 348 F.3d 935, 947-48 (10th Cir. 2003). Nor was it the district court's job here to probe the twilight of Mr. Williams's filings, hunting for the elusive penumbra of a constitutional right. *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

We now turn, briefly, to the claims that Mr. Williams did raise in his complaint. In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court held that a prisoner may

---

[4] Conceivably, Mr. Williams might have claimed that the officers denied him his property without due process of law, in violation of the Fourteenth Amendment. *See, e.g.*, *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 559 (10th Cir. 1999) (holding that *Heck* does not preclude such claims). But this is mere conjecture. In his complaint, Mr. Williams never raised such a procedural due process claim, or even anything resembling it, and we "will not . . . construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Nor do we express any opinion as to the merits of such a claim, had it been raised.

7

not file a § 1983 action as a means to challenge his incarceration. *Id.* at 500 ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

In *Heck*, the Court expanded its holding to include actions for monetary damages. *Heck*, 512 U.S. at 486 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement . . . ."). "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck*, 512 U.S. at 489-90. We have held that *Heck* also applies to pending charges. *Beck*, 195 F.3d at 557 ("*Heck* precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges.").

The district court found that Mr. Williams was attempting to indirectly challenge the criminal charges pending against him. It noted that, contemporaneously with his civil rights action, he also had filed a petition for writ of habeas corpus. Indeed, Mr. Williams admitted that "in my 2241 writ of habeas corpus I have ra[is]ed all of the issues mentioned herein." R., Vol. II, Doc. 5, at 8. Mr. Williams also requested that he be allowed to "annex" his habeas petition to his complaint, which the district court

8

considered "further evidence that this suit was intended to undermine his criminal prosecution." R., Vol. II, Doc. 15, at 3 n.3. For substantially the same reasons as the district court, we conclude that Mr. Williams's claims are not cognizable under § 1983. He has failed to state a claim on which relief may be granted.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the dismissal of Mr. Williams's complaint. His motion to proceed in forma pauperis is **DENIED**.

Entered for the Court

Jerome A. Holmes
Circuit Judge