**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 17, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RONALD J. PATRICK,

      Petitioner - Appellant,

v.

ROBERT PATTON, Director,

      Respondent - Appellee.

No. 15-5093
(D.C. No. 4:12-CV-00486-CVE-TLW)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se, Oklahoma state prisoner Ronald J. Patrick seeks a

certificate of appealability (COA) to appeal the district court's denial of his petition

for habeas corpus.[1] We deny his request for a COA and dismiss this matter.

An Oklahoma jury convicted Patrick of multiple counts arising out of an

incident in which he impersonated a police officer, kidnapped two people under the

guise of a drug sting, and sexually assaulted one of them. The trial court sentenced

him to a term of 55 years' imprisonment. The Oklahoma Court of Criminal Appeals

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] Because Patrick is appearing pro se, we liberally construe his filings.
*Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). But it's not our role to
act as his advocate. *Id*.

(OCCA) affirmed Patrick's convictions and sentence on direct appeal and denied his subsequent application for postconviction relief.

Patrick then filed a habeas petition under 28 U.S.C. § 2254 raising four grounds for relief. The district court denied the petition and declined to issue a COA. Patrick filed a motion for reconsideration, but the district court ultimately treated the motion as a second or successive habeas petition filed without prior authorization from this court and thus dismissed for lack of jurisdiction.

Patrick now seeks to appeal the district court's denial of his petition, but he must first obtain a COA. 28 U.S.C. § 2253(c)(1)(A). We will grant a COA "only if [he] has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make this showing, Patrick must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).

The Antiterrorism and Effective Death Penalty Act (AEDPA) further requires federal courts grant much deference to state court decisions when, as here, the petitioner's federal habeas claims were adjudicated on the merits in state court. *See* 28 U.S.C. § 2254(d); *Dockins v. Hines*, 374 F.3d 935, 936-37 (10th Cir. 2004). Specifically, a federal court may grant habeas relief only when the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or was "based on an

2

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). We incorporate this AEDPA deference into our consideration of Patrick's application for a COA. *See Dockins*, 374 F.3d at 938.

Patrick first asserts his sentence is excessive because the state court ordered the sentences for counts one, two, four, and five[2] to run consecutively. He argues it is cruel and unusual to make him serve consecutive sentences because he will be elderly after serving only a portion of his sentence.[3] To establish his sentence violates the Eighth Amendment, Patrick must show this his case is "an 'extraordinary' case in which the sentences at issue are 'grossly disproportionate' to the crimes for which they were imposed." *United States v. Angelos*, 433 F.3d 738, 751 (10th Cir. 2006) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003)).

Patrick doesn't argue that any individual sentence is excessive. Instead, he contends serving his terms consecutively makes his sentence excessive. But "[t]he Eighth Amendment analysis focuses on the sentence imposed for each specific crime, not on the cumulative sentence for multiple crimes." *Hawkins v. Hargett*, 200 F.3d 1279, 1285 n.5 (10th Cir. 1999). And no reasonable jurist would conclude that any of

---

[2] In his petition Patrick argued his sentence is excessive because the state trial court ordered counts one, two, four, and five to be served consecutively, but Patrick doesn't mention count five in his application for a COA. We assume this omission was inadvertent.

[3] In his petition Patrick also suggested the state trial court violated his due process rights when it failed to provide adequate reasoning for ordering his sentences to run consecutively. Because Patrick doesn't raise the alleged due process violation in his application for a COA, we won't address it here. *See* Fed. R. App. P. 28(a)(8)(A); *Howell v. Trammell*, 728 F.3d 1202, 1229 (10th Cir. 2013).

3

Patrick's sentences were grossly disproportionate to the seriousness of his charged offenses, which include first degree robbery, kidnapping, and rape by instrumentation, among others. We thus deny Patrick a COA on this claim.

Patrick next asserts his trial counsel was ineffective for failing to investigate and follow up on leads, and his appellate counsel was in turn ineffective for not raising trial counsel's ineffectiveness on appeal.[4] To establish ineffective assistance of counsel, Patrick must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Because it's "all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence," however, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. And, again, federal courts review a state court's adjudication of claims on the merits through AEDPA's deferential lens. *See Yarborough v. Gentry*, 540 U.S. 1, 6 (2003); *Dockins*, 374 F.3d at 936-37. The district court's review of Patrick's ineffective assistance of counsel claims is thus "doubly deferential." *See Yarborough*, 540 U.S. at 6.

---

[4] Patrick also asserts his appellate counsel was ineffective because "the method and manner of the appeal" was substandard and because counsel allegedly failed to investigate and obtain exculpatory evidence at the appeal stage. Aplt. Br. 4. But these issues were not presented in his petition, and thus we won't consider them here. *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012).

4

We find no basis to conclude that a reasonable jurist could debate the district court's denial of Patrick's ineffective assistance of counsel claims, particularly in view of its doubly deferential review of the state court's decision. The district court found the OCCA provided a well-reasoned opinion establishing that Patrick's arguments regarding his trial and appellate counsel's ineffectiveness were mere speculation. And even if reasonable jurists could debate whether counsel's performance was somehow deficient, Patrick doesn't argue he was prejudiced by any deficiencies—that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. We thus deny a COA on his ineffective assistance of counsel claims as well.

Finally, Patrick asserts the prosecution engaged in misconduct by misleading the defense. But Patrick's allegation differs from his allegation before the district court. Specifically, although Patrick labeled "Ground IV" of his petition "Prosecutor Mislead [sic] the Defense," R. vol. 1, at 21, the district court interpreted the facts supporting this ground as directed solely to a newly discovered evidence claim. *See Patrick v. Patton*, No. 12-CV-0486-CVE-TLW, 2015 WL 4545933, at *9 n.6 (July 28, 2015); *see also Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (explaining that we normally don't interfere with district court's interpretation of a pro se pleading). Now, in his COA application Patrick alleges prosecutorial misconduct arising from "[t]he failure to secure the video tape of the interrogation," Aplt. Br. 4, an argument not related to the newly discovered evidence claim raised

below. We decline to consider this new allegation in the first instance here. *See Viera*, 674 F.3d at 1220.

Because we conclude no reasonable jurist would find the denial of Patrick's habeas petition debatable, we deny a COA on all claims and dismiss this matter.

Entered for the Court


Nancy L. Moritz
Circuit Judge