FILED
United States Court of Appeals
Tenth Circuit

January 4, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

KEITH WRIGHT,

     Plaintiff - Appellant,

v.

FNU PETTY; CORRECTIONAL
CORPORATION OF AMERICA, INC.;
DOES 1–25,

     Defendants - Appellees.

No. 18-6135
(D.C. No. 5:18-CV-00158-D)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se and in forma pauperis (IFP),[1] California prisoner Keith

Wright brought this personal-injury action against (1) the Correctional Corporation of

America (CCA) and (2) CCA employee Correctional Officer Petty (collectively, the

---

[*] After examining the brief and appellate record, this panel has determined unanimously that oral argument wouldn't materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] Because Wright proceeds pro se, we liberally construe his filings. *See Eldridge v. Berkebile*, 791 F.3d 1239, 1243 n.4 (10th Cir. 2015). But we won't act as his advocate. *See id.*

defendants).[2] Specifically, Wright alleged that he suffered an injury when—as a result of Petty's failure to exercise due care—a heavy steel door closed on Wright's foot.

Upon the recommendation of a magistrate judge, the district court ruled that Wright's claims were untimely and dismissed his complaint for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Wright appeals. For the reasons discussed below, we affirm.

**Background**

Wright suffered the underlying injury to his foot on July 23, 2014. But he didn't bring his claims until more than three years later. Thus, the magistrate judge who screened Wright's February 16, 2018 complaint noted that his claims appeared to be time-barred and ordered Wright to show cause why the court shouldn't dismiss his complaint on that basis. *See* §§ 1915(e)(2)(B); 1915A(a)–(b)(1). When Wright failed to respond to the show-cause order, the magistrate judge concluded that Wright's claims were untimely under Oklahoma law and recommended dismissing his complaint.[3]

Wright timely objected to the magistrate judge's recommendation, arguing that he was entitled to equitable tolling because—according to him—the defendants failed to prepare and provide a timely injury report. The district court rejected this

---

[2] In addition to CCA and Petty, the complaint's caption also lists "Does 1 to 25." R. 4. But the body of the complaint makes no mention of these additional defendants. Accordingly, we do not address them further.

[3] Wright was incarcerated in Oklahoma at the time of his injury.

2

argument, reasoning that (1) as of the date of his injury, Wright "had all the information he needed to submit a timely claim, notwithstanding the absence of a formal [injury] report" and (2) the defendants' failure to prepare and provide a timely injury report didn't "constitute an 'extraordinary circumstance' that prevented [Wright] from timely submitting his claim." R. 45 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Thus, the district court adopted the magistrate judge's recommendation, dismissed Wright's complaint for failure to state a claim, and entered judgment in favor of the defendants. Wright appeals.

## Analysis

On appeal, Wright advances multiple challenges to both the magistrate judge's recommendation and the district court's order adopting that recommendation. Except where otherwise noted, our review is de novo. *See Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009).

Wright first asserts that the magistrate judge erred in (1) sua sponte raising the question of timeliness and (2) applying Oklahoma law—rather than Maryland, Tennessee, or California law—to determine whether Wright's claims were time-barred. But Wright didn't advance either of these specific arguments in his objections to the magistrate judge's recommendation. Thus, we decline to consider them. *See* Fed. R. Civ. P. 72 ("Within 14 days after being served with a copy of the [magistrate judge's recommendation], a party may serve and file *specific* written objections to the proposed findings and recommendations." (emphasis added)); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) (explaining that under firm-waiver rule,

3

failure to raise objection to magistrate judge's recommendation "waives appellate review of both factual and legal questions").

Next, Wright asserts that the district court erred in "refus[ing] to consider" his equitable-tolling argument. Aplt. Br. 4. Yet we see no indication that the district court failed—let alone actively refused—to consider Wright's argument. On the contrary, the record reflects that the district court expressly addressed and rejected Wright's assertion that he was entitled to equitable tolling based on the defendants' alleged failure to timely prepare and provide an injury report. And because the district court didn't refuse to consider Wright's argument, it necessarily didn't err in that respect.

Finally, Wright repeatedly argues that the district court abused its discretion in refusing to allow him to amend his complaint to plead a retaliation claim. In support, Wright provides nearly two full pages of argument—complete with citations to legal authority—explaining his retaliation theory. But Wright never provided such argument or authority to the district court. Instead, he raised the specter of amendment in a single sentence that appeared at the tail end of his objections to the magistrate judge's recommendation.

To the extent Wright intended for this single sentence to serve as a request for leave to amend his complaint, he fails to provide a record citation demonstrating the district court ever ruled on that request. *Cf.* 10th Cir. Rule 28.1(A) ("For each issue raised on appeal, all briefs must cite the precise references in the record where the issue was raised *and ruled on*." (emphasis added)). Indeed, Wright concedes that the

4

district court never even "acknowledge[d]," let alone ruled upon, his purported request. Aplt. Br. 9. Under these circumstances, it appears that the district court may well have been unaware of that request—an understandable oversight given Wright's failure to fully develop it below. *Cf. Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) ("The task of sorting th[r]ough pro se pleadings is difficult at best . . . .").

In short, the single, undeveloped sentence Wright included in his objections to the magistrate judge's recommendation didn't constitute a motion for leave to amend. *See Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999) (holding that a "single sentence, lacking a statement for the grounds for amendment and dangling at the end of [appellant's] memorandum, did not rise to the level of a motion for leave to amend" and that motion for leave to amend was therefore "never properly before" district court). And because a motion for leave to amend was never actually before the district court, the district court didn't abuse its discretion in failing to grant Wright an opportunity to amend his complaint. *See id.*; *Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009) (noting that when litigant fails to adequately apprise district court of basis for proposed amendment, district court isn't "required to recognize, let alone grant, a motion to amend").

5

**Conclusion**

For the reasons discussed above, we affirm the district court's order dismissing Wright's complaint for failure to state a claim. As a final matter, we grant Wright's motion to proceed IFP.


Entered for the Court


Nancy L. Moritz
Circuit Judge